UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LY CHHEN, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, <br><br>  Defendant. | CASE NO. C18-779-MJP <br><br> ORDER GRANTING MOTION TO DISMISS |

THIS MATTER comes before the Court on Defendant The Boeing Company's Motion to Dismiss. (Dkt. No. 11.) Having reviewed the Motion, the Response (Dkt. No. 13), the Reply (Dkt. No. 18) and the related record, the Court GRANTS the Motion to Dismiss. The Court declines to hear oral argument on the matter.

**Background**

Plaintiffs Ly Chhen, Jason Cogger, Charles Cooke, and Mark Sinclair filed this action against Defendant The Boeing Company ("Boeing") alleging breach of contract and wrongful termination based upon Boeing's alleged violation of a November 2, 2013 Collective Bargaining

Agreement (the "CBA") with the International Association of Machinists and Aerospace Workers Union (the "Union"). (Dkt. No. 1, Ex. A.) Plaintiffs' Amended Complaint alleges that, until March 2015, they were employed by Boeing's Commercial Aircraft Company where they worked inspecting the wing lines on Boeing 737s. (Id. at ¶¶ 3.1, 3.2.) During their employment, Plaintiffs were represented by the Union and were subject to the CBA. (Id. at ¶ 3.13.)

Plaintiffs claim that, although they were only certified as Grade 6 personnel, they were each ordered to perform certain aircraft inspections that were restricted to Grade 7 personnel. (Id. at ¶¶ 3.2-3.8.) In particular, Plaintiffs claim that they were ordered to inspect the inside of airplane wings, a task they were neither certified nor trained to perform. (Id. at ¶¶ 3.4, 3.6.) After completing these inspections, Plaintiffs claim they were terminated for inadequate performance. (Id. at ¶ 3.11.)

On March 2, 2018, Plaintiffs filed this lawsuit against Boeing, alleging claims for (1) breach of the CBA and (2) wrongful termination.[1] (Dkt. No. 1, Ex. B; see also Dkt. No. 1, Ex. A at ¶ 3.13, 4.1-14.) Boeing now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), and contends that Plaintiffs (1) failed to exhaust the CBA's mandatory grievance procedures, (2) failed to claim that the Union violated its duty of fair representation, and (3) failed to bring this lawsuit within the allowable statute of limitations. (Dkt. No. 11.) The Court has taken judicial notice of the CBA. (See Dkt. No. 17.)

---

[1] After Plaintiffs filed their Amended Complaint on April 9, 2018, Boeing removed this case from King County Superior Court to the U.S. District Court for the Western District of Washington on the basis of federal question and diversity jurisdiction. (See Dkt. No. 1.)

**Discussion**

I. **Legal Standard**

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Dismissal is appropriate where a complaint fails to state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although the Court must construe the complaint in the light most favorable to the non-movant, and must accept all well-pleaded allegations of material fact as true, Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005), "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

II. **Breach of Contract and Wrongful Termination**

Boeing contends that Plaintiffs' breach of contract and wrongful termination claims should be dismissed because (1) Plaintiffs failed to exhaust the mandatory grievance procedure provided in the CBA and (2) Plaintiffs' claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq. (Dkt. No. 11 at 5-11.) Plaintiffs respond that they each grieved their termination and their Amended Complaint "incorporates" state law violations of the Washington Administrative Code ("WAC") and unfair labor practice claims that are not preempted. (Dkt. No. 13 at 1-2.)

**A. Failure to Exhaust Mandatory Grievance Procedures**

Where a CBA contains a mandatory grievance procedure, that procedure must be exhausted before the Court may hear a claim for breach of contract under the LMRA. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987); see also Carr v. Pacific Maritime Ass'n, 904 F.2d 1313, 1317 (9th Cir. 1990). There are three exceptions to this exhaustion requirement: (1) where the employee's use of the procedure would be futile; (2) where the employer has repudiated the CBA; and (3) where the Union has breached its duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 185-86 (1967).

The CBA between Boeing and the Union provides, in relevant part, as follows:

> Grievances or complaints arising between the Company and its employees subject to this Agreement, or the Company and the Union, with respect to the interpretation or application of any of the terms of this Agreement, shall be settled according to the following procedure . . .

(Dkt. No. 12, Ex. A at § 19.1.) The CBA goes on to identify a multi-step grievance process including (1) oral discussion of the grievance between the employee and his/her supervisor; (2) submission of a written statement of the grievance or complaint to the supervisor; (3) submission of a written statement of the grievance or complaint to the company's designated representative; and (4) if the preceding steps are not successful, arbitration. (Id. at § 19.2.)

Plaintiffs' Amended Complaint does not plead any facts concerning exhaustion of the grievance procedure. In response to Boeing's Motion to Dismiss, Plaintiffs claim that they each grieved their termination, but that the Union failed to exhaust the grievance procedure through arbitration. (Dkt. No. 13 at 3; see also Dkt. No. 15, Ex. D.) However, Plaintiffs did not bring a "hybrid" claim alleging that the Union breached its duty of fair representation in its handling of their grievances, did not plead any facts to support such a claim, and cannot do so now. While Plaintiffs contend that "additional discovery" is needed "to prove the falsity" of Boeing's claim

that they did not exhaust the grievance procedure, the additional discovery Plaintiffs seek (i.e., whether a related grievance resulted in arbitration, whether Plaintiffs are covered under the settlement that resulted from the related grievance, etc.) would not support their exhaustion argument. Plaintiffs concede that the Union processed their grievance but did not carry it through to arbitration. (Dkt. No. 13 at 3.) Plaintiffs have not pled any factual content that would allow the Court to infer that the Union breached its duty of fair representation or that Plaintiffs otherwise were unable to exhaust the grievance procedure.

Therefore, the Court finds that Plaintiffs failed to plead facts showing that they exhausted the mandatory grievance procedure or that the Union breached its duty of representation. Without having done either, Plaintiffs cannot maintain their claims for breach of the CBA or wrongful termination.

**B. Preemption**

When an employee alleges breach of a CBA, "the suit against the employer rests on [Section] 301" of the LMRA. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983). Section 301 preempts state-law claims "if the resolution of [the] claim depends upon the meaning of a collective-bargaining agreement." Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988)); see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 23 (1983) (observing that "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization," and that "[a]ny such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.") (internal citations omitted).

1   Here, Plaintiffs' breach of contract and wrongful termination claims clearly rely upon the
2   CBA, which Plaintiffs claim prevented Boeing from requiring them to work outside their
3   personnel grade and from terminating their employment. (Dkt. No. 1, Ex. A at ¶¶ 3.6, 3.13.) In
4   order to resolve this claim, the Court must do more than "merely consult" the CBA. (See Dkt.
5   No. 13 at 9.) Instead, it must determine whether the alleged misclassification and termination
6   violated the CBA.

Although Plaintiffs claim that their wrongful termination claim "incorporates" a claim for violation of WAC 296.809 et seq. and that "[t]he combination of state WAC being violated by the same actions of the breach of contract precludes preemption," they provide no support for this contention. (See Dkt. No. 13 at 7-8, 10.) Their Amended Complaint alleges merely that Boeing forced them to "break the law" in the course of the wing inspection in dispute. (Dkt. No. 1, Ex. A at ¶ 3.6.) It does not cite any particular statute or code that was violated, nor does it even attempt to assert a cause of action based upon the alleged violation of the WAC.[2] The same is true of Plaintiffs' unpled "unfair labor practice" claim. (See Dkt. No. 13 at 13-15.)

Therefore, the Court finds that Plaintiffs' breach of contract and wrongful termination claims are preempted by the LMRA.

## III. Dismissal with Prejudice

A complaint should be dismissed with prejudice if amendment would be futile. See Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Here, the Court finds that amendment would be futile because Plaintiffs failed to exhaust the CBA's mandatory grievance procedure. While Plaintiffs suggest that they should be permitted to amend the

---

[2] Even if this claim had been properly pled (or pled at all), Plaintiffs fail to demonstrate that WAC 296-809 et seq., which is intended to "protect employees from the hazards of entering and working in confined spaces," authorizes a private right of action.

complaint to include the Union (i.e., to assert a hybrid claim), that claim is subject to a six-month statute of limitations and is time-barred. DelCostello, 462 U.S. at 169. Though improperly submitted, Plaintiffs' exhibits reveal that their grievance was denied on January 25, 2016. (Dkt. No. 15, Ex. D at 3.) Accordingly, the statute of limitations began to run on January 25, 2016, the date when Plaintiffs "knew or should have known that" their grievances were not being pursued by the Union, and expired on August 25, 2016. Galindo v. Stoody Co., 793 F.2d 1502, 1509-10 (9th Cir. 1986).

Therefore, the Court finds that amendment would be futile and declines to grant leave to amend.

**Conclusion**

Because Plaintiffs failed to plead facts upon which relief can be granted, and because amendment would be futile, the Court GRANTS Boeing's Motion to Dismiss and dismisses this case with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 29, 2018.

Marsha J. Pechman
United States District Judge